UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.   21cr10139 |
| v. | Violation: |
| NICOLE A. LESCARBEAU, a/k/a "Nicole Coulibaly," | Count One: Wire Fraud (18 U.S.C. § 1343) |
| Defendant | Count Two: Bank Fraud (18 U.S.C. § 1344) |
| | Forfeiture (18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) & 28 U.S.C. § 2461(c)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.  Defendant Nicole A. Lescarbeau, a/k/a "Nicole Coulibaly" ("LESCARBEAU") was a resident of Canton, Massachusetts.

2.  Victim-1 was a tax exempt 501(c)(3) organization based in Boston, Massachusetts. From in or around August 2013 to in or around January 2018, LESCARBEAU was employed as Victim-1's chief operating officer.

3.  Victim-2 was a tax exempt 501(c)(3) organization based in Brookline, Massachusetts. From in or around August 2019 to in or about February 2019, LESCARBEAU was employed as Victim-2's administrator.

4.  T.D. Bank, N.A. ("TD Bank") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

5.  LESCARBEAU maintained a checking account ending in -3952 at TD Bank ("TD-3952 Account"), on which LESCARBEAU was the sole authorized signatory.

6.      Rockland Trust Company ("Rockland Trust") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

7.      Victim-2 maintained a business checking account ending in -5288 at Rockland Trust ("Rockland-5288 Account").

<u>Relevant Background</u>

8.      On or about September 26, 2018, a federal grand jury in the District of Massachusetts returned an indictment charging LESCARBEAU with, amongst other things, wire fraud and bank fraud, in connection with a scheme to embezzle nearly $1.4 million from her employer, Victim-1 (the, "September 2018 Indictment").

9.      The September 2018 Indictment alleged that, from in or about 2013 and continuing through her termination in or about 2018, LESCARBEAU used her access to Victim-1's financial accounts to: (a) issue unauthorized checks drawn upon Victim 1's bank accounts, and then deposit these checks into bank accounts LESCARBEAU owned or controlled; (b) make unauthorized wire transfers out of Victim-1's bank accounts to herself, to pay personal credit card bills, or to pay third parties for her own personal benefit; and (c) make unauthorized charges on Victim-1's credit cards for personal items such as rental cars and hotel rooms.

10.     On or about September 27, 2018, after her arrest in connection with the September 2018 Indictment, LESCARBEAU was placed on pre-trial release under conditions that included "the defendant must not violate federal, state, or local law while on release."

11.     In or about March 2019, LESCARBEAU applied for the position of administrator at Victim-2. During the application process, LESCARBEAU did not tell Victim-2 about the September 2018 Indictment and also attempted to conceal her maiden name – the

name under which was charged in the September 2018 Indictment – by using her married name, "Nicole Coulibaly." For example, on or about March 30, 2019, LESCARBEAU sent Victim-2 a cover letter and resume under the name "Nicole Coulibaly," which said she was an applicant with "[o]ver 12 years Admin experience" who was "[a]dept at working with little or no supervision[.]"

12. On or about April 23, 2019, LESCARBEAU was hired as Victim-2's administrator. As part of her duties, LESCARBEAU was responsible for assisting with certain financial transactions on behalf of Victim-2, including preparing checks as directed by Victim-2's president ("Victim-2's President"); interacting with property managers who received money from Victim-2 to pay for tenants who lived in subsidized housing; purchasing items for board meetings using a debit card; and creating accounting logs of Victim-2's expenses and income. To complete these tasks, LESCARBEAU was provided with information concerning how to access various financial accounts held by Victim-2, including the ATM pin as well as the online account username and password for the Rockland-5288 Account.

13. On or about August 15, 2019, Victim-2's treasurer resigned. Thereafter, until in or about October 2019, when Victim-2 hired a new treasurer, only LESCARBEAU and Victim-2's President had access to Victim-2's Rockland-5288 Account.

14. On or about December 13, 2019, LESCARBEAU pled guilty to all counts in the September 2018 Indictment. At the time, she remained on the same conditions of release that had been imposed on or about September 27, 2018.

## Overview of the Scheme

15. Beginning on or about August 16, 2019, and continuing through her termination on or about February 10, 2020, LESCARBEAU stole nearly $57,000 from Victim-2 by making

unauthorized withdrawals from Victim-2's Rockland-5288 Account. LESCARBEAU used those funds for personal expenses.

*Unauthorized Wire Transfers from Victim-2's Bank Account*

16. As part of her fraudulent scheme, LESCARBEAU made unauthorized wire transfers, including via interstate wire communications, from Victim-2's Rockland-5288 Account to herself and others by: (a) opening an unapproved PayPal account in the name of Victim-2 and then making unauthorized wire transfers to herself and third-parties through the PayPal account; and (b) making unauthorized wire transfers directly from Victim-2's Rockland-5288 Account to third-parties for her personal benefit.

17. On or about August 16, 2019, the day after Victim-2's treasurer resigned, LESCARBEAU opened an unauthorized PayPal account in the name of Victim-2 that enabled money to be transferred out of Victim-2's Rockland-5288 Account.

18. Thereafter, between on or about August 21, 2019 through February 2020, LESCARBEAU used this PayPal account to make at least 74 wire transfers totaling approximately $29,008.26, by means of wire communications in interstate commerce, from Victim-2's Rockland-5288 Account to herself and others for her personal benefit. LESCARBEAU made these transfers without authorization from Victim-2 and for no business purpose.

19. For example, on or about October 14, 2019, Victim-2's PayPal account made an unauthorized transfer of $2,020.00 to "Nicole Coulibaly."

20. The following day, Victim-2's Rockland-5288 Account was debited $2,020.00 for the PayPal transfer and LESCARBEAU's TD-3952 Account received a deposit of approximately $1,951.12 from PayPal.

21. Similarly, on or about December 13, 2019, Victim-2's PayPal account made an unauthorized purchase of $20.00 at Target. The shipping address listed for this purchase was LESCARBEAU's personal residence in Canton, Massachusetts.

22. On or about December 16, 2019, Victim 2's Rockland-5288 Account was debited $20.00 for the PayPal transfer to "TARGETCORPO."

23. In total, LESCARBEAU embezzled at least $29,008.26 by way of unauthorized wire transfers sent through PayPal.

24. LESCARBEAU also made unauthorized transfers directly from Victim-2's Rockland-5288 Account to pay rent for her personal residence.

25. In or about April 2019, LESCARBEAU began renting an apartment in Canton, Massachusetts for approximately $3,060 per month.

26. Four months later, in or about August 2019, LESCARBEAU owed her landlord approximately $13,038.38 in back payments and late fees.

27. Thereafter, without Victim-2's knowledge or authorization, LESCARBEAU initiated approximately $18,947.54 in unauthorized wire transfers from Victim-2's Rockland-5288 Account to her landlord, as detailed in the following chart:

| Approx. Date of Wire | Approx. Amount | Victim 2's Rockland-5288 Account Statement Description |
|---|---|---|
| October 8, 2019 | $3,130.38 | GREYSTAR-MAAVB/WEB PMTS NicoleCoulibaly |
| October 15, 2019 | $3,115.81 | GREYSTAR-MAAVB/WEB PMTS NicoleCoulibaly |
| November 5, 2019 | $3,171.40 | GREYSTAR-MAAVB/WEB PMTS NicoleCoulibaly |
| December 3, 2019 | $3,170.74 | GREYSTAR-MAAVB/WEB PMTS NicoleCoulibaly |
| January 3, 2020 | $3,167.73 | GREYSTAR-MAAVB/WEB PMTS NicoleCoulibaly |
| February 4, 2020 | $3,191.48 | GREYSTAR-MAAVB/WEB PMTS NicoleCoulibaly |

*Unauthorized Use of Victim-2's Bank Account Checks*

28.     As part of her fraudulent scheme, LESCARBEAU also stole checks that Victim-2 had issued for legitimate business purposes. To do so, LESCARBEAU used her position at Victim-2 to divert checks that had been authorized by Victim-2's President to pay for legitimate business expenses, to herself by fraudulently altering the name of the payee on the checks.

29.     For example, on or about September 13, 2019, Victim-2's President issued a check in the amount of approximately $3,108 made payable to an organization that provides housing for the homeless in the Boston metro-area ("Check 1116") that was to be drawn on Victim-2's Rockland-5288 Account.  The memo line of Check 1116 included the notation: "September Rent."

30.     Thereafter, without authorization from Victim-2's President, LESCARBEAU altered the name of the payee on Check 1116 to " Nicole LESCARBEAU."

31.     On or about September 13, 2019, LESCARBEAU deposited Check 1116 into her TD-3952 Account by fraudulently representing herself as the appropriate payee.

32.     Rockland Trust then paid TD Bank $3,108, and those funds were deposited into LESCARBEAU's TD-3952 Account.

33.     In total, LESCARBEAU embezzled approximately $8,731 from Victim-2 by stealing checks that Victim-2 issued for legitimate business purposes.

COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The Acting United States Attorney charges:

34. The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1-33 of this Information.

35. On or about the date set forth below, in the District of Massachusetts and elsewhere, the defendant,

NICOLE A. LESCARBEAU, a/k/a "Nicole Coulibaly,"

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | October 14, 2019 | $2,020 interstate wire transfer, made via PayPal, from Victim-2's Rockland-5288 Account to LESCARBEAU's TD-3952 Account |

All in violation of Title 18, United State Code, Sections 1343 and 3147.

COUNT TWO
Bank Fraud
(18 U.S.C. § 1344)

The Acting United States Attorney further charges:

36.    The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1-33 of this Information.

37.    On or about the date set forth below, in the District of Massachusetts and elsewhere, the defendant,

NICOLE A. LESCARBEAU, a/k/a "Nicole Coulibaly,"

did knowingly execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, Rockland Trust, and obtain moneys, funds, credits, assets, securities and other property owned by and under the custody of Rockland Trust, by means of materially false and fraudulent pretenses, representations, and promises, in that, defendant, without authorization, altered the names of payees on checks drawn on Victim-2's Rockland-5288 Account and deposited such checks into her TD-3952 Account, as follows:

| Count | Approximate Date | Check Number | Approximate Amount |
|---|---|---|---|
| 2 | September 13, 2019 | Check 1116 | $3,108.00 |

All in violation of Title 18, United State Code, Sections 1344 and 3147.

## FORFEITURE ALLEGATION
### (18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) & 28 U.S.C. § 2461(c))

The Acting United States Attorney further alleges:

38. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1343 or 1344, set forth in Counts One and Two, the defendant,

NICOLE A. LESCARBEAU, a/k/a "Nicole Coulibaly,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses. The property to be forfeited includes, but is not limited to, the following asset:

   a. $56,963.67, to be entered in the form of a forfeiture money judgment.

39. If any of the property described in Paragraph 38, above, as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 2461(c), both incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 38 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

|  |  |
|---|---|
| Date: May 3, 2021 | NATHANIEL R. MENDELL<br>ACTING UNITED STATES ATTORNEY<br><br>By: _/s/ Justin D. O'Connell_____<br>JUSTIN D. O'CONNELL<br>Assistant United States Attorney |

10