

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 31, 2021

Jessica Thrall, Esq.
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, Massachusetts 02210

    Re:    United States v. Nicole A. Lescarbeau, a/k/a "Nicole Coulibaly"
                Criminal No. 20-mj-4322

Dear Ms. Thrall:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Nicole A. Lescarbeau a/k/a "Nicole Coulibaly" ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant will waive Indictment and plead guilty to the Information attached to this Plea Agreement charging her with wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344. Defendant admits that she committed the crimes specified in these counts and is in fact guilty of each one. Defendant agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information. Defendant further agrees to the accuracy of the facts alleged in the Information.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

- <u>Wire Fraud</u>: incarceration for 20 years; supervised release for 3 years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information

- <u>Bank Fraud</u>: incarceration for 30 years; supervised release for 5 years; a fine of $1,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

a) Defendant's base offense level is 7, because Defendant is pleading guilty to an offense of conviction with a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

b) Defendant's offense level is increased by 6, because the pecuniary loss from the offense of conviction is more than $40,000, but not more than $95,000 (USSG § 2B1.1(b)(1)(D));

c) Defendant's offense level is increased by 2, because Defendant abused a position of private trust (USSG § 3B1.3);

d) Defendant's offense level is increased by 3, because the Defendant committed the offense of conviction while on release (USSG § 3C1.3); and

e) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which she is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney to recommend the following sentence to the Court:

a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3;;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution of at least $56,963.67; and

f) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) She will not challenge any prison <u>sentence</u> of 27 months or less, or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 21 months or more.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues

a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether she later changes his mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6.  <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

   a. $56,963.67 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant also admits that $56,963.67 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the she derived from the offenses.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any

fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if she breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw her guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if she breaches any provision of this Agreement or engages in any of the aforementioned conduct, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Justin D. O'Connell.

Sincerely,

NATHANIEL R. MENDELL
ACTING UNITED STATES ATTORNEY

By: _____
STEPHEN E. FRANK
Chief, Securities, Financial & Cyber Fraud Unit

JORDI DE LLANO
SETH B. KOSTO
Deputy Chiefs, Securities, Financial & Cyber Fraud Unit

_____
JUSTIN D. O'CONNELL
Assistant U.S. Attorney

# ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense(s). I believe this Agreement is in my best interest.

_____
Nicole A. Lescarbeau
Defendant

Date: 4/15/21

I certify that Nicole A. Lescarbeau has read this Agreement and that we have discussed what it means. I believe Nicole A. Lescarbeau understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Nicole A. Lescarbeau
Attorney for Defendant

Date: 4/30/2021