UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v.  )<br>  )<br>NICOLE A. LESCARBEAU,  )<br>a/k/a "Nicole Coulibaly,"  )<br>  Defendant.  ) | Criminal No. 21-10139-RGS |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment), in the above-captioned case, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) is submitted herewith. In her plea agreement, defendant Nicole A. Lescarbeau, a/k/a/ "Nicole Coulibaly," (the "Defendant"), agreed to entry of the requested order. *See* Docket No. 18. In support thereof, the United States sets forth the following:

1. On May 3, 2021, the United States Attorney for the District of Massachusetts filed a two-count Information charging the Defendant with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 3147 (Count One); and Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 3147 (Count Two).

2. The Information included a Criminal Forfeiture Allegation, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two of the Information, of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses. The property

to be forfeited included, but was not limited to the following:

    a.    $56,963.67, to be entered in the form of a forfeiture money judgment.

    3.    The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described in Paragraph 2 above.

    4.    Prior to the charges in the instant criminal case, on December 13, 2019, the Defendant pled guilty in another criminal case in the District of Massachusetts in which she had been previously charged, *see United States v. Nicole A. Lescarbeau*, CR No. 18-10345-RGS.  In that case, the Defendant pled guilty, pursuant to a written plea agreement (Docket No. 58) and agreed to forfeit to the United States a forfeiture money judgment in the amount of $1,139,287.74 in United States currency.[1]

    5.    After the Defendant was charged in the instant criminal case, the United States and the Defendant engaged in negotiations around a second plea agreement to be filed in this case, with the intention of requesting that both criminal cases eventually be consolidated into one sentencing hearing, which is scheduled for June 24, 2021.  In conjunction with this sentencing hearing, the Court will also consider the Defendant's plea in the instant case pursuant to Rule 11.

---

[1] The Motion for Order of Forfeiture (Money Judgment), and the proposed Order of Forfeiture (Money Judgment) remain pending before the Court in *United States v. Nicole A. Lescarbeau*, CR No. 18-10345-RGS.  See Docket Nos. 60 and 60-1.

The written plea agreement in the instant criminal case was signed by the Defendant on April 15, 2021.  *See* Docket No. 18.

6. In Section 6 of the written plea agreement, the Defendant agreed that the Court shall enter an Order of Forfeiture (Money Judgment) in the amount of $56.963.67, as part of her sentence.  *Id.* at 4.

7. The Defendant admitted that $56.963.67 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from the offenses for which she pled guilty, and she acknowledged and agreed that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property, and/or property involved in, the crimes to which Defendant pled guilty, and further, the Defendant agreed to consent to the entry of a forfeiture money judgment in the amount of $56.963.67.  *Id*.

8. Based on the Defendant's admissions in the written plea agreement, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $56.963.67, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c), as the amount of $56.963.67 constitutes proceeds the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343 and 1344.

9. Pursuant to Rule 32.2(4)(A), based upon the Defendant's consent to entry of the requested order, the Order of Forfeiture (Money Judgment) becomes final upon entry by this Court.  As such, no preliminary order of forfeiture is required.

10. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure,

and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

11.     Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See Zorrilla-Echevarria*, 671 F.3d at 1, 11 n.15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia,* 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

12.     Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), incorporated by 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2461(c), (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898

F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.  Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture (Money Judgment);

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney,

By: /s/ *Carol E. Head*
JUSTIN D. O'CONNELL
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated:  June 17, 2021